**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GERALD DEMARSH, SR.,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:10-CV-10-G-BH |
| ) | |
| **LORRAINE RAGGIO, et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred for pretrial management.

**I. BACKGROUND**

Plaintiff sues two state judges, the State of Texas ("the State"), and Enterprise Leasing ("Enterprise"), for alleged constitutional violations arising from judicial rulings in his state action (Cause No. 08-15288) against Enterprise that were issued prior to or after he allegedly "withdrew" the case so as to "refile" it in federal court. (Compl. at 1-2.) Although Plaintiff's complaint contains no specific allegations against Enterprise (*see id.*), the attachments show that the state action centered around Enterprise's failure to provide him with a receipt itemizing lease charges and a complete refund, (*see* State Compl. attached to Compl.) Plaintiff seeks $1,000,000 in damages. (Compl. at 1.) No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff seeks monetary damages for alleged constitutional violations. Although he does not state a basis for his claims, 42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A. <u>Judicial Immunity</u>**

Plaintiff seeks money damages from two state judges for actions taken in their judicial capacities in state litigation. (Compl. at 1.) The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12

2

(1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* at 11. Because Plaintiff has not alleged that either judge acted without jurisdiction, and his complaint is based solely on acts taken in their role as judges, the judges are absolutely immune to the claim for monetary damages asserted against them.

### B. Eleventh Amendment Immunity

Plaintiff also seeks money damages against the State. (Compl. at 1.) "The Eleventh Amendment[, however,] secures the states' immunity from private suits for monetary damages filed in federal court." *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecom. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the Eleventh Amendment immunity, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff cannot obtain monetary damages from the State.

### C. State Action

It also appears that Plaintiff may seek money damages from Enterprise for alleged constitutional violations. (*See* Compl. at 1.) Enterprise, however, is a private party that is typically not subject to liability under § 1983. Although in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), Plaintiff makes no allegation to hold Enterprise liable as a state actor. Because Enterprise is not a state actor, it is not subject to liability under 42 U.S.C. § 1983, and any asserted constitutional claims against it fail to

3

state a claim upon which relief can be granted.

As for Plaintiff's original state claims against Enterprise, the Court should decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367. Whether to exercise supplemental jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When federal claims are dismissed at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). The dismissal of this action should not prevent pursuit of state claims in state court.

## IV. SANCTIONS

The U.S. Party/Case Index reveals seventeen cases pursued by Gerald DeMarsh, Gerald L. DeMarsh, and Gerald DeMarsh, Sr., throughout the various federal district courts. At least one other case in this Court has been dismissed as frivolous. *See Demarsh v. Kunkle*, No. 3:06-CV-2006-M, 2007 WL 328804, at *1-3 (N.D. Tex. Feb. 5, 2007) (accepting recommendation of Mag. J.), *appeal dismissed as frivolous*, 267 Fed. App'x 317 (5th Cir. 2008). Numerous claims have been dismissed in the Eastern District of Texas on grounds of jurisdiction, immunity, or failure to state a claim. *See DeMarsh v. Lillard*, No. 6:08-CV-223, 2009 WL 1505629, at *1-2 (E.D. Tex. May 28, 2009) (adopting recommendation of Mag. J.); *Demarsh v. Gabriel*, No. 6:08-CV-40, 2008 WL 4560630, at *1-6 (E.D. Tex. Oct. 8, 2008) (same); *Demarsh v. Gabriel*, No. 6:08-CV-40, 2008 WL 4560556, at *1-2 (E.D. Tex. Oct. 7, 2008) (recommendation of Mag. J.), *adopted by* 2008 WL 4791429 (E.D. Tex. Oct. 30, 2008); *Demarsh v. Healthnet Fed. Servs., Inc.*, N0. 4:07-CV-173, 2008 WL 2754810, at *1-3 (E.D. Tex. July 14, 2008) (adopting recommendation of Mag. J. and dismissing complaint

for failure to state a claim upon which relief can be granted and for failure to show personal jurisdiction over defendants); *Demarsh v. Barlow*, No. 4:07-CV-174, 2007 WL 4368048, at *1-2 (E.D. Tex. Dec. 13, 2007) (adopting recommendation of Mag. J.). In *Barlow*, Plaintiff was cautioned about "litter[ing] the dockets of the courts" with "briefs" that disparage the courts and the judicial system. *Barlow*, 2007 WL 4368048, at *2.

Given this extensive litigation history, a warning about the prospect of sanctions for abusive litigation practices is warranted. The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

In light of his litigation history, Plaintiff should be expressly notified that filing frivolous actions or improperly attempting to invoke federal jurisdiction without a proper basis, may result in the imposition of sanctions, including requiring him to pay a monetary sanction to the clerk of court and/or prohibiting him from filing civil actions *in forma pauperis* without first obtaining leave of court to do so.

5

## V. RECOMMENDATION

Plaintiff's federal claims should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court should decline to exercise supplemental jurisdiction over Plaintiff's pendent state claims, and **DISMISS** them without prejudice to Plaintiff pursuing them in state court. The Court should also issue an appropriate sanction warning.

**SIGNED this 20th day of January, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE